UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William Douglas Johnson, III, | Case No. 24-CV-323 (PJS/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Regional Supplemental Services, Inc.; and Management Specialty Services 109, Inc., | |
| Defendants. | |

Magistrate Judge John F. Docherty previously ordered plaintiff William Douglas Johnson, III, to show cause why the District of Minnesota is the proper venue for this action. ECF No. 3. As Judge Docherty explained, under 28 U.S.C. § 1391(b),

> [a] civil action may be brought in —
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

1

This District appears to fit none of those conditions. The defendants are residents of New York, and the events giving rise to the claim (Johnson's purported "refusal to test") took place in Alabama. ECF No. 1.

In response to the order to show cause, Johnson does not dispute that none of the defendants are residents of this District or that the events giving rise to his claims occurred in Alabama. ECF No. 4. Indeed, Johnson seemingly concedes that proper venue in this District is lacking, asking for this Court to transfer the matter to the proper federal district court.[1] *Id.*

Section 1406(a) grants district courts the discretion to either "dismiss, or if it be in the interest of justice, [to] transfer" matters filed in an improper district. But, for two reasons, this Court concludes that transfer is not in the interests of justice. First, it is not clear on the face of the complaint whether it would be most appropriate to transfer this action to New York or Alabama. Second, and more importantly, it is not clear that Johnson has pleaded a plausible claim for relief.

---

[1] Johnson also says that he lives in St. Paul and "handled the appeal against the FMCSA in this district to get the violation removed case number 23-2900." (ECF No. 4). This Court understands "FMCSA" to mean Federal Motor Carrier Safety Administration. But there is no case number "23-2900" in this District naming Johnson as the plaintiff and the FMCSA as a defendant. Although records show that Johnson filed a complaint against the United States Department of Transportation (US DOT) and the Civil Rights Division of the US DOT, that action was dismissed without prejudice for failure to state a claim. *See Johnson v. Dept. of Transp.*, Case No. 23-CV-02559 (PJS/DJF) (D. Minn. Aug. 21, 2023).

In reviewing whether a complaint states a claim on which relief may be granted, a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Here, Johnson alleges that when he reported to Brookwood Baptist Health Specialist Care in Birmingham, Alabama to submit a urine sample, the urine collector directed him to sign a "Federal Drug Testing Custody and Control Form." ECF No. 1. Johnson says that he refused to sign that form and that he was subsequently reported as having "refus[ed] to test." As the Court understands it, Johnson's claim goes something like this: Requiring Johnson to sign the "Federal Drug Testing Custody and Control Form" violated 49 C.F.R. § 40.355(a), a regulation promulgated by the Federal Motor Carrier Safety Administration ("FMCSA"), which regulation prohibits drug-testing companies from requiring employees to sign "a consent, release, waiver of liability, or

3

indemnification agreement with respect to any part of the drug or alcohol testing process."

But Johnson does not identify any language in the "Federal Drug Testing Custody and Control Form" that he was asked to sign that constitutes a prohibited release, waiver of liability, or indemnification agreement. In response to Judge Docherty's order to show cause, Johnson submitted the form, but he does not plead any specific facts explaining how signing that form constitutes (for example) a waiver of the drug-testing company's liability. *See* ECF No. 5. Indeed, FMCSA regulations expressly contemplate the use of this exact form—the Federal Drug Testing Custody and Control Form ("CCF")—"to document the handling of the urine specimen from the time the employee gives the specimen to the collector until the specimen is destroyed." 49 C.F.R. § 40.3; *see, e.g.*, 49 C.F.R. § 40.40(a) (explaining that the "[CCF] must be used to document every collection required by the DOT drug testing program"). Accordingly, in the absence of any specific allegations establishing *how* signing the "Federal Drug Testing Custody and Control Form" constitutes a violation of 49 C.F.R. § 40.355(a)--particularly where, as here, federal regulations *require* the drug-testing companies to document the urine sample's chain of custody--this Court doubts that Johnson has established a plausible cause of action.

This Court, therefore, declines to grant Johnson's request to transfer this action. Instead, the Court dismisses this matter without prejudice. If he wishes, Johnson may refile his complaint in the proper district in New York or Alabama.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff William Douglas Johnson, III's Complaint, [ECF No. 1], is DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's IFP Application, [ECF No. 2], is DENIED as MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 25, 2024

_____
Patrick J. Schiltz, Chief Judge
United States District Judge